BETTY B. FLETCHER, Circuit Judge,
dissenting.
I respectfully dissent. The prosecutor gave two reasons for rejecting R.E. First, he testified that he struck R.E. because of her demeanor, specifically stating that she seemed disengaged, was “almost a little bit spacey,” did not seem to be paying attention or understand what was happening, and did not make eye contact. Second, he testified that he exercised a peremptory challenge against R.E. to get a stronger juror on the panel. The district court rejected the first reason in its entirety, *732 leaving only the prosecutor’s testimony on needing stronger jurors to support the exercise of the peremptory challenge.
Even taken together, the two reasons the prosecutor offered for striking R.E. do not provide the “clear and reasonably specific explanation” that Batson requires. Batson v. Kentucky, 476 U.S. 79, 98 n. 20, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986) (internal quotation omitted); see Kesser v. Cambra, 465 F.3d 351, 364 (9th Cir.2006) (en banc) (noting that the prosecutor’s explanation for striking a potential juror — that the juror was “emotional about the system” — was “so underdeveloped that it likely falls short of Batson’s mandate for a ‘clear and reasonably specific’ explanation of the legitimate reasons for exercising the challenges”); Williams v. Runnels, 432 F.3d 1102, 1109 n. 12 (9th Cir.2006) (“[Ejven accepting that being a ‘loner’ or not having previously served on a jury can be a race-neutral basis for exercising a peremptory challenge, it is not the type of reason that weighs against an inference of bias.”). If the prosecutor’s reasons here provide a race-neutral reason for exercising the strike, then “it is difficult to imagine how any defendant could prevail on a Batson claim following a trial court’s summary rejection of the Batson challenge at the first step of the Batson test.” Williams, 432 F.3d at 1109 n. 12.
Moreover, the district court cannot insulate its factual findings by relying on the prosecutor’s credibility. Although the prosecutor testified that he excused R.E. to get a certain juror on the panel, that juror, Juror Duke, already was seated on the jury. When that was pointed out to him, the prosecutor changed course and then stated he exercised the peremptory challenge against R.E. because he believed the defense was going to excuse Juror Duke. At the time the prosecutor excused R.E., however, the defense already had passed on the jury. The prosecutor finally settled on the explanation that he liked Juror Zamzow, who was the next juror, because “[h]e seemed affable,” “came across as being very common sense, salt of the earth,” and had “an air about him of just common sense.”
Left with the prosecutor’s wobbly and unreliable testimony about needing a stronger juror, we need not accept the district court’s finding that the prosecutor testified credibly. When “the story itself [is] so internally inconsistent or implausible on its face that a reasonable factfinder would not credit it,” we “may well find clear error even in a finding purportedly based on a credibility determination.” Anderson v. City of Bessemer City, N.C., 470 U.S. 564, 575, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985). Given the internal inconsistencies in the prosecutor’s explanation, I would reverse the district court’s denial of Patterson’s Batson claim. Therefore, I respectfully dissent.